## COHEN v. WESTERN AUTO SUPPLY CO.
### No. 826.

District Court, N. D. Georgia, Altanta Division.

April 4, 1940.

As Corrected July 29, 1940.

26

Hirsch, Smith & Kilpatrick, of Atlanta, Ga., and A. H. Crowell, of Washington, D. C., for plaintiff.

Tye, Thomson & Tye, of Atlanta, Ga., Carmack Waterhouse, of Chattanooga, Tenn., and Arthur H. Ewald, of Cincinnati, Ohio, for defendant.

UNDERWOOD, District Judge.

The above case came on for final hearing and after the introduction of evidence, was argued by counsel, orally and by brief.

It is a suit brought by plaintiff as owner of Letters Patent Number 1,984,299 granted December 11, 1934 for a bicycle stand, to enjoin defendant from infringing the patent and to recover damages for past infringement.

The patent of plaintiff contains nine claims, but Claim 9 is the only claim involved, as counsel for plaintiff, at the hearing and subsequently in his brief, announced that plaintiff restricted his charge of infringement to Claim 9 alone.

### Findings of Fact.

Claim 9, as subdivided and numbered and lettered by plaintiff for convenient reference, is as follows: "In a bicycle stand, a hanger element including (1) (a) a head having integral therewith at the transverse median of its lower face (b) a depending arm, the latter being inclined throughout sidewise with respect to the frame of the bicycle, (2) means for coupling said head to a portion of the bicycle frame, (3) an extendible support having an upcurved outer end for seating upon a surface when the support is extended, (4) means for pivotally and resiliently connecting said support to said arm, (5) and said arm and support having coacting means coacting with said connecting means for latching said support in extended and non-extended positions."

Plaintiff's patent is for an alleged new and patentable combination of old elements. Plaintiff concedes in his brief (Page 10) "that the elements of Claim 9 of the Cohen patent are old. Invention admittedly lies, if at all, in a novel combination of these old elements."

The examination of plaintiff's patent is further limited by the fact, which is conceded by plaintiff on Page 17 of his brief, that "all of the elements of the Cohen patent (Claim 9), except the first element," are found in like combination in previous patents, especially the Torngren patent, dated July 29, 1930.

The first element referred to is "a hanger element including (a) a head having integral therewith at the transverse median of its lower face (b) a depending arm, the latter being inclined throughout sidewise with respect to the frame of the bicycle." The Wald patent, one of those which plaintiff claims is infringing his patent, has no such head and is quite different from the head of the plaintiff's patent. Furthermore, the Wald patent differs materially from plaintiff's patent in that the head is constructed for adjustment to an entirely different part of the bicycle frame and in different manner, to-wit, for adjustment at the rear wheel, one part of which is attached to the axle of the wheel and the other to a single prong of the frame, whereas in plaintiff's patent, the head is constructed for clamping to both prongs of the bicycle near the sprocket wheel.

The Miller patent, which plaintiff claims also infringes his patent, has a head for attachment at the same place on the bicycle frame and is somewhat similar to the head of plaintiff's patent, yet differs quite materially therefrom. This difference is the more striking when the true model of plaintiff's stand is compared with the Wald patent.

This model is plaintiff's Exhibit No. 4, and the testimony shows that it is made in accordance with the Letters Patent and represents the true features of the patent. Plaintiff's Exhibit No. 3 is somewhat different and is not constructed as closely to the patent specifications as Exhibit No. 4.

In the Miller patent, the extendible support is attached to the head in a different manner. In the first place, the upper end of the support is bent and made to pass through two ears of the head, to form with a coiled spring and small pin operating in grooves, a coacting means for holding the support when both in positions of use and non-use.

In the Miller patent, the support, after it leaves the head, is straight until it is bent at the other end to afford a surface when placed upon the ground. On the other hand, the corresponding support of plaintiff's stand (Plaintiff's Exhibit No. 4) has a curve near the point of junction with the head as well as a shorter curve at the end which is made to rest upon the ground. This upper curve, which is absent in the Miller patent, was stated by plaintiff to be

absolutely essential to his patent. (Record, Pages 33 and 34.)

In Plaintiff's patent, the desired deflection of the extendible support is secured by attaching the depending arm of the head at the transverse median of its lower face. This feature is strongly emphasized by plaintiff in order to establish patentability.

In the Miller patent, the proper position of the extendible support is secured by the peculiar construction of the head and the contour of the upper end of the support and not by means of establishing a depending arm at the transverse median of the lower face of the head. I find a very important difference between the construction of the head of plaintiff's patent and the Miller patent and the means of connecting the extendible support to the head are essentially different.

The Miller patent is much more akin to the Torngren patent than it is to plaintiff's patent, and if the Miller patent should be an infringement of plaintiff's patent, then apparently plaintiff's patent would be anticipated by the Torngren patent.

A similar comparison might be made between plaintiff's patent and the Wald and Smart patents. In other words, the Wald patent is much closer to the Smart patent than is the Wald patent to plaintiff's patent.

The Wald and Miller patent articles sell at a considerably less price than plaintiff's device.

Plaintiff's patent has met with a very wide sale and has been accepted by the market as one of the best, if not the best, bicycle stand.

### Conclusions of Law.

Combinations of old elements are patentable if such combination results in patentable novelty, but if the combination be restricted to specific elements, all must be regarded as material, leaving open only the question whether an omitted part is supplied by an equivalent device.

The validity of patents is presumed, and such presumption can only be overcome by clear and satisfactory proof. This is a general rule and applies as well to the two alleged infringing patents as to plaintiff's patent, although infringement may not be avoided, under controlling weight of undisputed facts, by any presumptive validity that may attach to alleged infringing patents. But where patents are granted subsequent to the issuance of a prior patent, there is a presumption of patentable differences which must be taken into consideration in passing upon the question of infringement.

In this case, the three devices in question, plaintiff's and the Miller and Wald stands, have all been patented and there is strong presumption of the validity of the patents of all three.

The differences between the three patents in question, as disclosed by the above findings, establish the fact that the Wald and Miller patents do not infringe plaintiff's patent, even if valid, and it therefore becomes unnecessary in this case to pass upon the validity of the three patents.

I find that the infringements alleged by plaintiff have not been established and that defendant has not infringed plaintiff's patent as alleged in the petition.

Let a final decree be prepared in conformity with the above findings and submitted to the Court within a period of twenty days from this date.